*REARDON* vs. *ZACHARIE.*

The *onus*
*probandi* lies
upon the par-
ty which has
the affirma-
tive of a pro-
position.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action to recover the freight of a certain quantity of fruit brought from the Havana to New Orleans. The defendant is the consignee to whom it was delivered. The intervenor was the owner of the property. The demand of the plaintiff is contested on the ground of the cargo being injured through his fault and negligence. The intervenor asserts he has sustained loss to a greater amount than the freight, and claims one thousand dollars damages.

The judge below was of opinion the injury sustained by the improper conduct of the plaintiff (who was captain of the vessel) was equal at least to the freight, and gave judgment accordingly. The plaintiff appealed. And the intervenor has complained there was error in not allowing him a larger sum in damages.

There is some contradiction in the testimony in relation to the contract entered into between the parties. But it is clearly established that the vessel was advertised to sail on a particular day, that the cargo was on board, or ready to

be put on board, at or before the time of departure, that she did not sail for six days after—that fruit if kept long on board is very liable to spoil, and that in this instance it was so spoiled that a considerable portion of it was thrown overboard.

The reasons given for the delaying the departure of the vessel are, that on the Sunday on which she was to have sailed the weather was cloudy and blew a fresh gale from the north, that on the three following days the rain fell in such torrents the custom house was shut up, and that on Thursday a clearance could not be obtained in consequence of a new regulation making the captains of vessels responsible for the duties on goods they had imported.

The principles of law which govern the case are clear and simple. Parties to a maritime contract, like all others, are subject to damages if they refuse, or delay to perform their agreement. In this case it made a part of the contract that the ship should sail on a particular day if the weather permitted, and the non-compliance with the agreement renders the plaintiff responsible in damages. The excuse set up by him cannot be admitted. It is not shewn the *new regulations* spoken of by the

witness were made after the cargo was shipped, and that they were not in force at the time it was announced the vessel would sail on a particular day. If they were it was the plaintiff's duty to establish the fact, for he had the affirmative of the issue. *Jacobson's Sea Laws, book* 2, *cap.* 1, *page* 98. *Bou'ay Paty, Droit Commercial, vol.* 2, *sect.* 7, 388 *a* 397.

The only difficulty in the case is whether the damage to the fruit was occasioned by the delay in the vessel's sailing at the appointed time. On such a question it is almost impossible to obtain positive evidence, but the weight of that given on the trial of this case inclines strongly to the belief that if the delay did not cause, it increased the damage, and on the whole, we think the conclusion to which the court below arrived is that which the testimony sanctioned.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs,

*Peirce* for the plaintiff, *Relf* for the defendant.